```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/12/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALFREDO CARMINE CIANFANO,

                Plaintiff,

-against-

KILOL KIJAKAZI, as Commissioner of the
SOCIAL SECURITY ADMINISTRATION,

                Defendant.

1:22-cv-4801 (MKV)

ORDER ADOPTING REPORT
AND RECOMMENDATION AND
DISMISSING CASE

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff Alfredo Carmine Cianfano ("Plaintiff") commenced this action against Defendant Commissioner ("the Commissioner") of the Social Security Administration ("the Administration") pursuant to the Social Security Act, 42 U.S.C. Section 405(g) ("the Act"), seeking review of the 2021 decision of an Administrative Law Judge ("ALJ") that Plaintiff is not disabled and, therefore, not entitled to Supplemental Security Income ("SSI"). Plaintiff moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c), seeking reversal of the denial by the ALJ of his application for SSI. The Commissioner cross-moves for judgment on the pleadings, asking the Court to affirm the 2021 ALJ decision.

      On August 24, 2023, Magistrate Judge Robert W. Lehrburger issued a Report and Recommendation that Plaintiff's motion be denied, and the Commissioner's motion be granted. For a detailed recitation of factual background and the subsequent Administration proceedings, the Court refers to Magistrate Judge Lehrburger's Report and Recommendation [ECF No. 29.], which thoroughly and accurately summarizes the background and procedural history in this case. For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety and the Commissioner's motion is granted.

1

## **LEGAL STANDARD**

When reviewing a Report and Recommendation, a district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party timely files appropriate objections, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). No objections were filed in this case. As such, the Court "review[s] the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-6865-LTS-GWG, 2008 WL 4810043, at *1 (S.D.N.Y. Nov.3, 2008); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). To do otherwise "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, 97-cv-3775-LTS-JCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation marks omitted).

## **DISCUSSION**

### I. Magistrate Judge Lehrburger Applied the Appropriate Standard of Review to the ALJ Decision.

As Magistrate Judge Lehrburger properly explained, a district court may affirm, modify, or reverse (with or without remand) a final decision of the Commissioner. 42 U.S.C. § 405(g); *Skrodzki v. Commissioner of Social Security Administration*, 693 F. App'x 29, 29 (2d Cir. 2017) (summary order). The relevant two-part inquiry looks at "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012).

Courts review *de novo* whether the correct legal principles were applied and whether the legal conclusions made by the ALJ were based on those principles. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). If the reviewing court is satisfied that the ALJ applied the correct

2

legal standards, then the court must " '[c]onduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the [] decision.' " *Brault v. Social Security Administration, Commissioner*, 683 F.3d 443, 447 (2d Cir. 2012) (per curiam) (quoting *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)). "The substantial evidence standard means once an ALJ finds facts, [the court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault*, 683 F.3d at 448 (internal quotation marks omitted) (emphasis in original).

In sum, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982). The Court must afford the Commissioner's determination considerable deference and " 'may not substitute its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review.' " *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991) (quoting *Valente v. Secretary of Health and Human Services*, 733 F.2d 1037, 1041 (2d Cir. 1984)).

This is the standard applied by Magistrate Judge Lehrburger to the cross-motions of the parties. This Court finds no error in the standard of review that Magistrate Judge Lehrburger applied in the Report.

II. **The ALJ was Not Adversarial and Did Not Mislead Plaintiff.**

Plaintiff seeks reversal of the ALJ decision denying him SSI benefits, arguing that the ALJ was improperly adversarial in rendering her decision. Indeed, "the outcome of a proceeding may fairly be questioned when an ALJ displays 'deep-seated favoritism or antagonism that would make a fair judgment impossible,' " *Pabon v. Commissioner of Social Security*, No. 14-CV-1954, 2015 WL 4620047, at *5 (S.D.N.Y. Aug. 3, 2015) (quoting *Reddy v. Commodity*

*Futures Trading Commission*, 191 F.3d 109, 119 (2d Cir. 1999)). However, given the high level of deference afforded to the ALJ decision, Magistrate Judge Lehrburger's Report properly rejected Plaintiff's argument.

The Report notes that Plaintiff does not provide any evidence that the ALJ exhibited a bias, adopted an adversarial tone, or was otherwise hostile in either the hearings or the hearing decisions. Rather, the record supports that the ALJ properly asked questions during the hearings to develop the record and did not demonstrate a bias against granting Plaintiff benefits during these hearings. Nor do her hearing decisions include hostile, biased, or adversarial language. As such, this Court agrees with the Report that the record does not reflect any adversarial behavior on the part of the ALJ that rises to such a high degree of "antagonism that would make fair judgment impossible." *Pabon*, 2015 WL 4620047, at *5 (internal quotation marks omitted).

Moreover, the Court agrees that the ALJ's failure to advise Plaintiff of his right to appeal the original 2018 ALJ decision was not misleading or adversarial. First, the ALJ did not have the duty to advise Plaintiff of the consequences of failing to appeal. *See Burch v. Commissioner of Social Security*, No. 15-CV-9350, 2017 WL 1184294, at *15 (S.D.N.Y. March 29, 2017) ("The social security hearing examiner, furthermore, does not act as counsel. He acts as an examiner charged with developing the facts.") (internal quotes omitted). Moreover, as the Report accurately points out, the original 2018 ALJ decision was vacated and remanded. *See Uffre v. Astrue*, No. 06-CV-7755, 2008 WL 1792436, at *7 (S.D.N.Y. Apr. 18, 2008) ("the Appeals Council vacated the ALJ's first decision . . . Thus, the first decision has no bearing on these proceedings").

The Court agrees with the Report that there is no basis to conclude that the ALJ was improperly adversarial in rendering her decision. As such, Plaintiff's motion to reverse the ALJ

4

determination on that ground is without merit and the Court adopts that portion of the Report recommending denial of Plaintiff's motion.

### III.  The ALJ Decision is Supported by Substantial Evidence.

Magistrate Judge Lehrburger's Report also properly rejected Plaintiff's arguments that the ALJ decision was not supported by substantial evidence.  Plaintiff advances six separate reasons that the 2021 ALJ decision was not supported by substantial evidence.  The Report carefully and methodically analyzes each of the six arguments and appropriately concludes that none have merit.  Magistrate Judge Lehrburger's Report contains a detailed recitation of the abundant factual evidence contained in the record that the ALJ proffered with respect to each of Plaintiff's arguments.  [ECF No. 29].

The ALJ decision provided substantial evidence with respect to each of its decisions, evidenced by the ample citations in the Report to the administrative record, [ECF No. 18].  As a result, Magistrate Judge Lehrburger clearly fulfilled the court's obligation to "[c]onduct a plenary review of the administrative record to determine if there is substantial evidence . . . to support the Commissioner's decision." *Brault*, 683 F.3d at 447 (internal quotes omitted).

## CONCLUSION

Reviewing Magistrate Judge Lehrburger's comprehensive and well-reasoned Report and Recommendation for clear error, the Court finds none.  Accordingly, the Court ADOPTS the Report and Recommendation in full.  Plaintiff's motion to reverse the 2021 ALJ decision is DENIED, and the Commissioner's motion for judgment on the pleadings affirming the ALJ decision is GRANTED.  The Clerk of the Court is respectfully requested to close the case.

**SO ORDERED.**

                                                                                    *[signature]*

**Date:  September 12, 2023**                      **MARY KAY VYSKOCIL**
          **New York, NY**                           **United States District Judge**